# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**CHRISTOPHER J. WORKMAN,**   CASE NO. 3:23 CV 1167

    Plaintiff,

    v.   JUDGE JAMES R. KNEPP II

**COMMISSIONER OF**
**SOCIAL SECURITY,**

    Defendant.   **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff Christopher J. Workman seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Jennifer Dowdell Armstrong for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Armstrong recommends this Court affirm the Commissioner's final decision. (Doc. 10). Plaintiff filed objections to the R&R (Doc. 11), and the Commissioner filed a response thereto (Doc. 12). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for supplemental security income in February 2018, alleging a disability onset date of October 1, 2017. *See* Tr. 192-201. Following the administrative process, an

administrative law judge ("ALJ") issued a written decision on August 28, 2020, finding Plaintiff not disabled. (Tr. 476-90)[1]. This appeal ultimately followed. (Doc. 1).

Plaintiff raised two arguments regarding the ALJ's decision. He asserted:

I. The ALJ failed to consider Dr. Strobel's findings as a medical opinion as defined by Social Security, and therefore erred by not properly evaluating his opinions in accordance with 20 C.F.R. § 416.920c.

II. The ALJ erroneously omitted the need for superficial interaction from the residual functional capacity ("RFC"), which significantly prejudiced Mr. Workman's disability claim.

(Doc. 6, at 2).

In her R&R, Judge Armstrong concluded neither argument had merit. She found Dr. Strobel's report was not a medical opinion because it did not explain what Plaintiff could do despite his impairments and the ALJ sufficiently addressed that report. (Doc. 10, at 13-17). She further found the ALJ appropriately excluded a superficial interaction limitation from the RFC determination, and that decision was supported by substantial evidence. *Id.* at 17-22. She recommends the Court affirm the Commissioner's decision. *See* Doc. 10.

### STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

---

1. Upon joint stipulation from the parties, the U.S. District Court for the Northern District of Ohio remanded Mr. Workman's case for further administrative proceedings on January 13, 2022. (Tr. 497-501.) An ALJ held another telephone hearing on February 22, 2023, during which Mr. Workman and a VE testified. (Tr. 448-75.) On March 13, 2023, the ALJ issued a written decision again finding that Mr. Workman was not disabled, which became the final decision of the Commissioner.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION[2]

Plaintiff raises a single objection to the R&R. He contends the ALJ – and the Magistrate Judge – erroneously concluded that Dr. Strobel's findings were not medical opinions. (Doc. 11, at 2).

Dr. Strobel's Opinion

Plaintiff asserts that the Magistrate Judge incorrectly determined the ALJ did not err in finding Dr. Strobel's report was not a medical opinion because Dr. Strobel's statements were merely recommendations and not expressed in vocationally relevant terms. (Doc. 10, at 2).

Social Security regulations define a "medical opinion" as "a statement from a medical source about what [an individual] can still do despite [their] impairments and whether [they] have

---

2. Neither party objects Judge Armstrong's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Armstrong.

3

one or more impairment-related limitations or restrictions" in their ability to perform "physical demands of work activities", "mental demands of work activities", "other demands of work such as seeing, hearing, or using other senses", or an individual's "ability to adapt to environmental conditions, such as temperature extremes or fumes". 20 C.F.R. § 416.913(a)(2)).

In the assessment at issue here, Dr. Strobel offered the following recommendations for Plaintiff: (1) he "should continue in outpatient therapy" to work on decreasing his depression, improving his social skills, and setting goals for becoming more independent in the future; (2) he "should complete his associates degree as that may improve his employability;" (3) he "may need a support system in place to help him be able to find and keep a job;" (4) he "should continue with medication to help to manage his depression and anxiety;" (5) he "will need to push himself to accomplish independent living skills;" and (6) he "will also need to practice skills that improve his social skills, including…observing his body language and its effect on other people, improving his ability to make socially appropriate eye contact, and speaking up in social situations." (Tr. 284-85). Plaintiff asserts, "[a]t a minimum, Dr. Strobel identified deficits in [Plaintiff]'s ability to interact with others and function independently." (Doc. 11, at 2). Though Dr. Strobel offered recommendations, he did not articulate specific deficits which those recommendations were meant to correct.

This Court finds no error in Judge Armstrong's determination that the ALJ correctly concluded Dr. Strobel's statements were "not vocational limitations, but rather they are suggestions for the claimant to treat his impairments." (Tr. 439). The ALJ discussed Dr. Strobel's report and determined it was not a medical opinion because Dr. Strobel "did not opine any limitations in the claimant's ability to perform work-related activities". *Id.* This was a reasonable determination in line with the Social Security regulations' definition of a medical opinion as "a

4

statement from a medical source about what [an individual] can still do despite [their] impairments and whether [they] have one or more impairment-related limitations or restrictions" 20 C.F.R. § 416.913(a)(2). Plaintiff's assertion that the ALJ dismissed Dr. Strobel's report is incorrect. (Doc. 11, at 2-3). Instead, the ALJ evaluated Dr. Strobel's findings in relation to Plaintiff's overall ability to work. The ALJ's determination that Dr. Strobel's statements were merely recommendations and not medical opinions is supported by substantial evidence. *Walters*, 127 F.3d at 528.

Plaintiff also argues that Dr. Wuebker and Dr. Strobel's opinions are the same and should be treated similarly.[3] (Doc. 11, at 3). Plaintiff avers, "Dr. Wuebker was specifically hired to evaluate and provide medical opinions regarding Mr. Workman's ability to perform basic work activities. That is what Dr. Wuebker did. Dr. Wuebker's opinion identified above is no different from the recommendations." *Id.* Plaintiff contends that if Dr. Wuebker's opinions are "medical opinions," so too must be Dr. Strobel's.

Dr. Wuebker opined Plaintiff "would have trouble performing these social skills appropriately in a work area." (Tr. 350). This amounts to a specific vocational limitation. In contrast, Dr. Strobel's recommendations listed above merely suggested therapeutic and educational steps Plaintiff could undertake to help with his disability without directly assessing his ability to perform work-related tasks. Therefore, the Court finds this argument lacks merit.

In the conclusion to his objections, Plaintiff argues "[t]he ALJ had no reason to cursorily reject *either source's* medical opinions. The ALJ had an obligation to evaluate these medical opinions in accordance with 20 C.F.R. 404.1520c. The ALJ's failure to do so constitutes reversible error." (Doc. 11, at 3) (emphasis added). As to Dr. Strobel's report, the Court has already detailed

---

3. Plaintiff did not raise this specific argument to Judge Armstrong, and therefore it is arguably waived. *See, e.g., Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010). However, even if it is not waived, the Court finds it lacks merit.

why the ALJ's decision to not consider it as a medical opinion is supported by substantial evidence; consequently, the ALJ did not improperly reject it. Regarding Dr. Wuebker's opinion, as Judge Armstrong described, the ALJ adequately explained the analysis thereof in compliance with the Social Security regulations and incorporated these findings into the residual function capacity assessment imposing social interaction limitations on Plaintiff's ability to work. *See* Doc. 10, at 4-5. The Court agrees with this analysis; the ALJ did not "cursorily reject" Dr. Wuebker's opinion.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Armstrong's R&R (Doc. 10) is ADOPTED as the Order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Date: June 7, 2024